UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

_____

BROOK GRZELAK,

        Plaintiff,                   Case No. 2:14-cv-31

v.                                         Honorable R. Allan Edgar

GARY BALLWEG,

        Defendants.
_____/

## OPINION

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim against Defendants Oswald, Davis, and Parks . The Court will serve the complaint against Defendants Ballweg and Grieble.

**Discussion**

I.  Factual allegations

Plaintiff Brook Grzelak, a state prisoner currently confined at the Saginaw Correctional Facility, filed this civil rights action pursuant to 42 U.S.C. § 1983 against Defendants Delta County Sheriff Gary Ballweg, Under Sheriff Patrick Grieble, Former Under Sheriff Ed Oswald, Prosecutor Steven Parks, and Circuit Court Judge Stephen Davis.

In his complaint, Plaintiff sets forth a series of conclusory assertions regarding Defendants' conduct while he was confined at the Delta County Jail in Escanaba, Michigan. Plaintiff states that Defendants Ballweg, Grieble, and Oswald only allowed him to have six one-hour periods of outdoor recreation for a duration of twelve months in violation of his Eighth Amendment rights. Plaintiff also claims that Defendants Ballweg, Grieble, and Oswald do not provide inmates with any law library or legal materials, which restricts Plaintiff's access to the courts. Plaintiff contends that Defendants Ballweg and Grieble continually open his legal mail outside of his presence.

Plaintiff claims that Defendant Davis granted Plaintiff *pro se* status to proceed on his criminal case, but restricted Plaintiff's research to requesting exact case cites, which made it impossible to adequately research pretrial motions and defense strategies. Defendant Davis allegedly allowed evidence to be seized in violation of Plaintiff's Fourth Amendment rights, which was used in Defendant Park's case against Plaintiff. In addition, Defendant Davis refused to apply Wisconsin law to the search and seizure of evidence despite the fact that Plaintiff was arrested in Wisconsin. Plaintiff contends that Defendants Davis and Parks failed to toll the time for Plaintiff to accept or

refuse a plea agreement, despite the fact that Plaintiff had a valid Miranda claim. Plaintiff states that in order to raise the Miranda claim, he had to forgo the plea offer.

For relief, Plaintiff seeks an order requiring Defendants Ballweg, Grieble, and Oswald to allow him to have adequate recreation and access to a law library. Plaintiff also seeks damages for each day that he was deprived of exercise and access to a law library. With regard to Defendants Davis and Parks, Plaintiff seeks declaratory and injunctive relief.

II.   Failure to state a claim

A complaint may be dismissed for failure to state a claim if it fails "'to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)); *see also Hill*

*v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

Initially, the court notes that Plaintiff's claims against Defendants Parks and Davis appear to involve a challenge to his state court conviction. A challenge to the fact or duration of confinement should be brought as a petition for habeas corpus and is not the proper subject of a civil rights action brought pursuant to § 1983. *See Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973) (the essence of habeas corpus is an attack by a person in custody upon the legality of that custody and the traditional function of the writ is to secure release from illegal custody). Therefore, to the extent that Plaintiff's complaint challenges the fact or duration of his incarceration, it must be dismissed. *See Barnes v. Lewis*, No. 93-5698, 1993 WL 515483, at *1 (6th Cir. Dec. 10, 1993) (dismissal is appropriate where § 1983 action seeks equitable relief and challenges fact or duration of confinement); *see also Moore v. Pemberton*, 110 F.3d 22, 23-24 (7th Cir. 1997) (reasons for not construing a § 1983 action as one seeking habeas relief include (1) potential application of *Heck v. Humphrey*, 512 U.S. 477 (1994), (2) differing defendants, (3) differing standards of § 1915(a)(3) and

§ 2253(c), (4) differing fee requirements, (5) potential application of second or successive petition doctrine or three-strikes rules of § 1915(g)).

To the extent Plaintiff seeks injunctive relief for alleged violations of Constitutional rights, his claim is barred by *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), which held that "in order to recover damages for allegedly unconstitutional conviction or imprisonment, *or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid,* a § 1983 plaintiff must prove that the conviction or sentence has been [overturned]." *See Edwards v. Balisok*, 520 U.S. 641, 646 (1997) (emphasis in original). In *Heck*, the Supreme Court held that a state prisoner cannot make a cognizable claim under § 1983 for an allegedly unconstitutional conviction or for "harm caused by actions whose unlawfulness would render a conviction or sentence invalid" unless a prisoner shows that the conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Id.* at 486-87 (footnote omitted). The holding in *Heck* has been extended to actions seeking injunctive or declaratory relief. *See Edwards*, 520 U.S. at 646-48 (declaratory relief); *Clarke v. Stalder*, 154 F.3d 186, 189-90 (5th Cir. 1998) (claim for injunctive relief intertwined with request for damages); *Wilson v. Kinkela*, No. 97-4035, 1998 WL 246401, at *1 (6th Cir. May 5, 1998) (injunctive relief). Plaintiff's allegations clearly call into question the validity of his sentence. Therefore, his claims against Defendants Parks and Davis are barred under *Heck* until his criminal conviction has been invalidated.

As noted above, Plaintiff claims that Defendants Ballweg, Grieble, and Oswald only allowed him to engage in outdoor recreation six times over a course of twelve months. In addressing restrictions on yard time, this court has noted:

> In order for a prisoner to prevail on an Eighth Amendment claim, he must show that he faced a sufficiently serious risk to his health or safety and that the defendant official acted with " 'deliberate indifference' to [his] health or safety." *Mingus v. Butler,* 591 F.3d 474, 479–80 (6th Cir.2010) (citing *Farmer v. Brennan,* 511 U.S. 825, 834, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994) (applying deliberate indifference standard to medical claims); *see also Helling v. McKinney,* 509 U.S. 25, 35, 113 S.Ct. 2475, 125 L.Ed.2d 22 (1993) (applying deliberate indifference standard to conditions-of-confinement claims)).
>
> Eighth Amendment standards entitle prisoners to exercise sufficient to maintain reasonably good physical and mental health. *See Walker v. Mintzes,* 771 F.2d 920–927 (6th Cir.1985). Thus, the Sixth Circuit has held that some limitations on outdoor exercise may violate the Eighth Amendment. *See Rodgers v. Jabe,* 43 F.3d 1082, 1087–88 (6th Cir.1995) (citing *Walker,* 771 F.2d at 927, and *Patterson v. Mintzes,* 717 F.2d 284 (6th Cir.1983)). Yet, the court has declined to find that minimum yard time is constitutionally required in all circumstances. *Rodgers,* 43 F.3d at 1087–88. Instead, the court has held that when yard time is extremely limited or denied altogether, the prison may be required to provide a legitimate penological purpose for the deprivation. *Id.* (citing *Patterson,* 717 F.2d at 289).

*Davis v. Berghuis*, 2012 WL 3116360, *8 (W.D. Mich., Jul. 31, 2012).

In a similar case, the United States District Court for the Eastern District of Tennessee stated:

> While the Sixth Circuit has not set a minimum amount of time a prisoner must have access to outdoor recreation in order to avoid violating the Eighth Amendment's objective component, *id.,* it has held that a "a total or near-total" exercise deprivation, absent penological justification, impinges on an inmate's Eighth Amendment right. *Patterson v. Mintzes,* 717 F.2d 284, 289 (6th Cir.1983); *also see Rahman X. v. Morgan,* 300 F.3d 970, 974 (8th Cir.2002) (holding

-6-

> that the inability to go outside for three months was not a constitutional violation). The Court's research did not reveal a Supreme Court or Sixth Circuit case determining when the denial of yard exercise rises to the level of a constitutional violation. Nevertheless, it is important to note that Plaintiff does not claim he was denied all opportunity for exercise.
>
> The Eighth Amendment entitles prisoners to exercise sufficient to maintain reasonably good physical and mental health. *See Walker v. Mintzes,* 771 F.2d 920, 927 (6th Cir.1985) (directing the district court to resolve "the yard time controversy" by determining "the *minimum* amount of yard time necessary for the inmates' well-being under minimal civilized standards) (emphasis in original). Plaintiff does not contend that he was denied sufficient opportunity for recreation or other physical activity sufficient to maintain reasonably good health. Rather, Plaintiff claims he was not permitted to participate in outside exercise with his tier for a little more than a month. Without greater specificity, Plaintiff has failed to state a constitutional violation.

*Deleon v. Hamilton County Sheriff's Dept.*, 2012 WL 3116280, *17 (E.D. Tenn., Jul. 31, 2012).

In this case, Plaintiff claims that he was only allowed to go outside for six one-hour periods for a duration of twelve months. However, Plaintiff fails to allege facts showing that he was prevented from engaging in other forms of exercise, such as "running in place, doing push-ups, sit-ups, or other exercises in his jail cell or elsewhere in the jail facility." *Id.* at *11. The court concludes that Plaintiff's allegations regarding lack of yard time, without more, are insufficient to show a violation of the Eighth Amendment. Therefore, these claims are properly dismissed.

Plaintiff also claims that Defendants Ballweg, Grieble, and Oswald violated his First Amendment right of access to the courts when they refused to provide him with access to a law library, or to law library materials. In *Bounds v. Smith*, 430 U.S. 817 (1977), the Supreme Court recognized a prisoner's fundamental right of access to the courts. While the right of access to the courts does not allow a State to prevent an inmate from bringing a grievance to court, it also does

not require the State to enable a prisoner to discover grievances or litigate effectively. *Lewis v. Casey*, 518 U.S. 343 (1996). Thus, *Bounds* did not create an abstract, free-standing right to a law library, litigation tools, or legal assistance. *Id.* at 351 (1996). Further, the right may be limited by legitimate penological goals, such as maintaining security and preventing fire or sanitation hazards. *See Acord v. Brown*, No. 91-1865, 1992 WL 58975 (6th Cir. March 26, 1992); *Hadix v. Johnson*, No. 86-1701, 1988 WL 24204 (6th Cir. March 17, 1988); *Wagner v. Rees*, No. 85-5637, 1985 WL 14025 (6th Cir. Nov. 8, 1985).

To state a claim, an inmate must show that any shortcomings in the library, litigation tools, or legal assistance caused actual injury in his pursuit of a legal claim. *Lewis*, 518 U.S. at 351; *Talley-Bey*, 168 F.3d at 886; *Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996); *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996); *Walker v. Mintzes*, 771 F.2d 920, 932 (6th Cir. 1985). An inmate must make a specific claim that he was adversely affected or that the litigation was prejudiced. *Vandiver v. Niemi*, No. 94-1642, 1994 WL 677685, at *1 (6th Cir. Dec. 2, 1994). Particularly, an inmate cannot show injury when he still has access to his legal materials by request, *Kensu*, 87 F.3d at 175, when he fails to state how he is unable to replicate the confiscated documents, *Vandiver*, 1994 WL 677685, at *1, or when he could have received the material by complying with the limits on property, e.g., where he had the opportunity to select the items that he wanted to keep in his cell, or when he had an opportunity to purchase a new footlocker that could hold the property. *Carlton v. Fassbender*, No. 93-1116, 1993 WL 241459, at *2 (6th Cir. July 1, 1993). In this case, Plaintiff's access to courts claim is properly dismissed as entirely conclusory and unsupported by specific factual allegations.

In addition, the record indicates that Plaintiff has been transferred out of the Delta County Jail and is now incarcerated at the Saginaw Correctional Facility. Therefore Plaintiff is no longer under the control or custody of the defendants. The Sixth Circuit has held that transfer to another prison facility moots prisoner injunctive and declaratory claims. *Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir.1996). *See also*, *Mowatt v. Brown*, No. 89-1955, 1990 WL 59896 (6th Cir. May 9, 1990); *Tate v. Brown*, No. 89-1944, 1990 WL 58403 (6th Cir. May 3, 1990); *Howard v. Heffron*, No. 89-1195, 1989 WL 107732 (6th Cir. September 20, 1989) (all attached); *see also Williams v. Ellington*, 936 F.2d 881 (6th Cir. 1991). These Sixth Circuit opinions contain only brief explanation of the reasoning supporting this rule. Underlying the rule is the premise that injunctive relief is appropriate only where plaintiff can show a reasonable expectation or demonstrated probability that he is in immediate danger of sustaining direct future injury as the *result* of the challenged official conduct. *Los Angeles v. Lyons*, 461 U.S. 95, 102 (1983). Past exposure to an isolated incident of illegal conduct does not, by itself, sufficiently prove that the plaintiff will be subjected to the illegal conduct again. *For example see Lyons*, 461 U.S. at 102; *Alvarez v. City of Chicago*, 649 F. Supp. 43 (N.D. Ill. 1986); *Bruscino v. Carlson*, 654 F. Supp. 609, 614, 618 (S.D. Ill. 1987), *aff'd*, 854 F.2d 162 (7th Cir. 1988). *See also O'Shea v. Littleton*, 414 U.S. 488, 495-496 (1974). A court should assume that, absent an official policy or practice urging unconstitutional behavior, individual government officials will act constitutionally. *Lyon*, 461 U.S. at 102; *O'Shea*, 414 U.S. at 495-496.

In the present action, the possibility that Plaintiff will be subjected to the same alleged unconstitutional activity is too speculative to warrant injunctive relief. There has been no showing of a "reasonable expectation" nor a "demonstrated probability" that Plaintiff will be returned to the Delta County Jail and be subjected to these allegedly unconstitutional conditions by the same

Defendants. Thus, there is no evidence of "immediate danger" of injury. Accordingly, Plaintiff's requests for injunctive relief are properly dismissed.[1]

To the extent that Plaintiff is seeking damages against Defendants in their official capacities, such claims do not state a claim upon which relief can be granted. *Will v. Michigan Department of State Police*, 491 U.S. 58 (1989). "State officers in their official capacities, like States themselves, are not amenable to suit for damages under § 1983." *Arizonans for Official English v. Arizona*, 520 U.S. 43, 69 (1997) (*citing Will,* 491 U.S., at 71, and n. 10).

Finally, the court notes that Plaintiff's claim that he is entitled to damages for the conduct of Defendants Ballweg and Grieble in opening his legal mail outside of his presence is nonfrivolous and may not be dismissed on initial screening.

## Conclusion

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Defendants Oswald, Davis, and Parks will be dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court will serve the complaint against Defendants Ballweg and Grieble with regard to Plaintiff's claims that they opened his legal mail outside of his presence.

An Order consistent with this Opinion will be entered.

Dated:  10/10/2014             /s/ R. Allan Edgar
                               R. ALLAN EDGAR
                               UNITED STATES DISTRICT JUDGE

---

[1] The exception which provides that a claim does not become moot where it is capable of repetition, yet evades review, does not apply. This doctrine applies only in exceptional circumstances, and generally only where the plaintiff "can make a reasonable showing that he will again be subjected to the alleged illegality." *Lyons*, 461 U.S. at 109. This the plaintiff cannot do here.